UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUDSON B. WALKER, TRUSTEE, ) <br> JUDSON B. WALKER TRUST, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Civil Action No. <br><br> Judge <br><br> Magistrate Judge |

# COMPLAINT

Judson B. Walker, in his capacity as Trustee for the Judson B. Walker Trust, files this Original Complaint seeking a refund of federal income taxes paid to the United States of America.

## PARTIES

1. The Plaintiff is Judson B. Walker, in his capacity as Trustee of the Judson B. Walker Trust (the "Trust"). The Trust maintains a principal place of business at 446 Faust Lane, Houston, TX 77024.

2. Defendant is the United States of America, acting through the Commissioner of the Internal Revenue Service ("Commissioner" or "IRS"). Service of process may be made on the Defendant as follows:

1

Pam Bondi
Attorney General for the United States
Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20430-0001


Civil Process Clerk
United States Attorney's Office
1000 Louisiana, Suite 2300
Houston, TX 77002


Melanie Krause, Acting Commissioner
Internal Revenue Service
1111 Constitution Ave., N.W.
Washington, D. C. 20224

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction under 28 U. S. C. § 1346(a)(1) because this is an action against the United States for the recovery of erroneously assessed and collected internal revenue taxes. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1402(a) because Plaintiff's principal place of business is in Houston, Texas.

## RELEVANT BACKGROUND

4.      The Trust was formed on or about October 31, 2000, under the laws of the State of Texas. The Trust's redacted taxpayer identification number is XX-XXX9212. Judson B. Walker became the sole successor trustee on January 2, 2012.

5.      The Trust is taxed on its income in accordance with the Internal Revenue Code and is required to annually file a Form 1041, *U. S. Income Tax Return for Estates and Trusts*.

6.      For the tax year ended December 31, 2013 (the "2013 tax year"), the Trust timely filed an original income tax return on or about September 10, 2014.

7. The Trust timely paid in full the taxes reported on its 2013 income tax return.

8. On or about September 26, 2019, the Trust timely filed an original 2018 income tax return.

9. On October 7, 2019, in announcement IR-2019-164, the IRS extended the due date for filing 2018 income tax returns for taxpayers located in Harris County, Texas, to January 31, 2020, due to the impact of Tropical Storm Imelda. The Trust was located in Harris County, Texas during 2018 through 2020.

10. Under the Coronavirus Aid, Relief and Economic Security Act enacted in March, 2020, (the "CARES ACT"), Section 461(l) of the Internal Revenue Code, 26. U. S. C. § 461(l), which limited excess business losses of non-corporate taxpayers, was repealed for tax years 2018, 2019, and 2020. The CARES ACT also provided for an automatic five-year carryback of losses incurred in 2018.

11. The impact of the CARES ACT change to Section 461(l) for the Trust's tax year 2018 (the "2018 tax year") resulted in a regular net operating loss ("NOL") for tax year 2018 in the amount of $526,575 and an Alternative Minimum Tax ("AMT") net operating loss in the amount of $655,311. Further, as noted above, the CARES ACT provided that this loss must be carried back to tax year 2013 (absent an election to forego the carryback which is not relevant here).

12. The Trust appropriately and timely filed an amended return for the tax year ended December 31, 2018 (the "2018 tax year") on or about January 11, 2022. A copy of the Certified Mail Receipt. No. 70161370000153735456 along with delivery tracking summary is attached as **Exhibit A.**

13.     Because of the required carryback of the NOL reported on the 2018 Amended Return, on January 31, 2023, the Trust filed an amended return for the 2013 tax year ("2013 Amended Return"). A true and correct copy of the Trust's 2013 Amended Tax Return is attached hereto as **Exhibit B**, with redactions pursuant to Federal Rule of Civil Procedure 5.2.

14.     The 2013 Amended Return was filed by sending it to the Commissioner via certified mail (Receipt No. 7013171000088246239). The United States Postal Service ("USPS") certified mail receipt shows a postmark date of January 31, 2023, which constitutes the filing date for the 2013 Amended Return under 26 U. S. C. §7502(c)(2); 26 CFR § 301.7502-1(c)(2). A true and correct copy of certified mail receipt along with the "Green Card" delivery receipt is attached as **Exhibit C.**

15.     The 2013 Amended Return was filed timely because it was filed within three years after the due date of the 2018 return, including any extensions thereof, in accordance with 26 U.S.C. § 6511(d)(2)(A) of the Internal Revenue Code. As stated above, in announcement IR-2019-164, the IRS extended the due date for filing 2018 income tax returns for taxpayers located in Harris County, Texas, to January 31, 2020, and the Trust filed its 2013 Amended Return within three years after that date on January 31, 2023.

16.     With its 2013 Amended Return, the Trust claimed a refund of income tax in the amount of $228,533.

17.     The 2013 Amended Tax Return, including the factual and legal grounds for the requested refund set forth therein, are incorporated in this paragraph of the Complaint by this reference. The factual and legal grounds generally include that the CARES ACT amended IRC Section 461(l), eliminating a limitation on excess business losses for 2018, 2019, and 2020, which resulted in the Trust having a NOL in tax year 2018 that it was required to carryback to tax

4

year 2013, which, in turn, produces an overpayment of tax in tax year 2013 that the Trust requests be refunded.

18. Although the 2013 Amended Tax Return has been filed for more than two years, the IRS has refused to pay the requested refund. It has not formally denied the claim for refund; rather, it simply has refused to process the amended return.

## CAUSE OF ACTION:

## PLAINTIFF IS ENTITED TO A REFUND

19. Plaintiff realleges and incorporates by reference the allegations contained in the above paragraphs of this Complaint.

20. The Commissioner has erroneously and illegally failed to allow the Trust's timely-filed 2013 claim for refund of income taxes and issue a refund to the Trust with interest provided by law. It has been more than six months since the subject refund claim was filed and no action has been taken on the claim.

21. The Trust is entitled to an income tax refund in the principal amount of $228,533, plus interest as provided by law.

22. The Trust is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

## CONDITIONS PRECEDENT

23. All conditions precedent have been satisfied.

## PRAYER FOR RELIEF

FOR ALL THESE REASONS, Plaintiff prays that the Court enter judgement against the United States:

5

a. Awarding the Trust a refund of the overpayment of income tax for tax year 2013 in the amount of $228,533, or such other amount as is legally refundable, plus interest as provided by law; and

b. Awarding the Trust all other legal and equitable relief that is just and appropriate, including attorney fees and costs.

Dated April 15th, 2025

*/s/ Larry A. Campagna*
Larry A. Campagna
Attorney-in-Charge
Texas State. Bar No. 03691700
S. D. Texas Bar No. 2982
Chamberlain, Hrdlicka, White,
 Williams & Aughtry, P.C.
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 654-9609
Facsimile: (713) 658-2553
Email: larry.campagna@chamberlainlaw.com

*/s/ Victoria J. Sherlock*
Victoria Jean Sherlock
Texas State Bar No. 18240750
S. D. Texas Federal Bar No. 434826
Chamberlain, Hrdlicka, White,
 Williams & Aughtry, P. C.
Telephone: (713) 356-1254
Facsimile: (713) 356-1254
Email: victoria.sherlock@chamberlainlaw.com